# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

MISTY BOWHAY (FKA FATHREE),

               Respondent,

and

JOHN FATHREE,

               Appellant.

DIVISION ONE

No. 80756-1-I

UNPUBLISHED OPINION

DWYER, J. — John Fathree appeals from the superior court's order compelling him to give Misty Bowhay numerous firearms pursuant to the terms of a separation agreement that was incorporated into their dissolution decree. Fathree contends that the superior court's order is unenforceable against him because it is "void for vagueness." Additionally, Fathree asserts that the superior court erred by concluding that Bowhay was entitled to any firearms that were not already in her possession when the parties executed the separation agreement. Because Fathree does not establish an entitlement to relief, we affirm.

I

John Fathree and Misty Bowhay were married on April 10, 2012. On August 20, 2018, Bowhay filed a petition for dissolution in the Whatcom County Superior Court. On November 20, 2018, Fathree and Bowhay filed an amended petition for dissolution, which included a separation agreement that was signed

by both Fathree and Bowhay.[1]  This separation agreement provided, in pertinent part:

> Property Awarded to Petitioner [Bowhay]
> - Petitioner shall keep 100% of her retirement
> - New Safe to be purchased by Respondent and provided to Petitioner
> - Guns
> - Refrigerator
> - Photos
> - 2016 Jeep Grand Cherokee . . .
>
> . . . .
> Petitioner shall be awarded all other property in her possession
>
> Property Awarded to Respondent [Fathree]
> 2012 Dodge Ram 2500 . . .
> Respondent shall be awarded all other property in his possession.

On December 21, 2018, a court commissioner entered an order granting the petition for dissolution and adopting the separation agreement.  Bowhay subsequently filed a motion for contempt.  This motion also requested an order to compel Fathree to comply with the requirements of the dissolution decree.  In a declaration that was filed with her motion, Bowhay asserted that Fathree had violated the terms of the separation agreement by denying her access to the firearms that she was entitled to under the agreement.  Attached to her declaration was an exhibit, entitled "Exhibit A," which provided a list of the firearms that Bowhay desired.  In this declaration, Bowhay stated that the firearms contained within this list were "registered in [her] name."

On August 8, 2019, a hearing was conducted before a court commissioner.  During the hearing, Bowhay stated that she was not seeking all

---

[1] Fathree and Bowhay also filed a petition for dissolution on August 31, 2018.  Attached to this petition was a different separation agreement, which is not the subject of this appeal.

of the firearms that were in the parties' possession when the separation agreement was executed. Rather, Bowhay explained that she was seeking only those firearms that were "registered in her name." That same day, the commissioner entered an order, which provided: "Respondent shall return all firearms registered in petitioner's name to her within 30 days of todays [sic] date."

On August 16, 2019, Fathree filed a motion for revision. On September 13, the superior court heard the motion. During the hearing, Fathree's counsel argued that, when the commissioner "made the ruling saying [Bowhay] gets the guns registered in her name, and vice-versa for [Fathree], that was an impermissible modification of a divorce decree." The superior court concluded that, under the terms of the separation agreement, Bowhay was entitled to *all* of the firearms owned by the parties when the agreement was executed, not just those registered in her name. However, because Bowhay was not requesting all of the firearms, the superior court ordered Fathree to give to Bowhay only those firearms that she had requested:

> THE COURT: Well, if you think that the commissioner's ruling was wrong, and you want a de novo review of that by me, and you want me to instead rule that all of the guns go to her including the ones registered to him, I can give you that. I mean, that's what I would find under this contract.
> . . . .
> [FATHREE'S COUNSEL]: Well, we certainly don't want that.
> THE COURT: Right, and so that's the alternative because the only part about the commissioner's ruling that I disagree with -- well, I don't disagree with it. I just think the reason she said the wife gets the guns registered to the wife is because that was a concession that they made, that's all we want, but under this particular contract, it could be read that all of the guns go to the wife, because that's what it says. That's the plain language.
> [FATHREE'S COUNSEL]: It says guns. It doesn't say all of the guns. It's ambiguous in that respect.

3

THE COURT: Well, that's my finding. So you can appeal it if you want to.

[FATHREE'S COUNSEL]: I don't -- hope -- I don't want to appeal it, but I do want to register my exception for the record if that's the case.

THE COURT: Okay. So I'm going to order that the guns, and I'm just going to order the ones that are registered to her.

[BOWHAY'S COUNSEL]: That's all she wants.

THE COURT: It's previously been conceded, and those need to be . . . turned over to her.

On October 18, 2019, the superior court entered a written order on Fathree's motion for revision. This order provided: "The court declines to revise the commissioner's orders compelling the Respondent to return all firearms to the Petitioner. Respondent shall immediately return all firearms registered in Petitioner's name (as requested by Petitioner) to her by no later than 10/30/19."[2]

Fathree appeals.[3]

II

Fathree contends that the superior court's order on his motion for revision is "void for vagueness." According to Fathree, Washington law does not require individuals to register their firearms and "[w]ithout an itemized list of exactly which firearms are at issue, it is impossible for [him] to comply with the court order as currently worded." Fathree is wrong.

---

[2] Where, as here, "the superior court makes a decision on revision, 'the appeal is from the superior court's decision, not the commissioner's.'" State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004) (quoting State v. Hoffman, 115 Wn. App. 91, 101, 60 P.3d 1261 (2003)).

[3] Bowhay contends that Fathree's notice of appeal does not meet the requirements of the Rules of Appellate Procedure because it did not contain the superior court's order on the motion for revision. See RAP 5.3(a) ("The party filing the notice of appeal should attach to the notice of appeal a copy of the signed order or judgment from which the appeal is made."). However, the notice of appeal does, in fact, contain this order.

Bowhay also asserts that Fathree failed to timely file a "motion for discretionary review." However, Fathree appealed from a final order after judgment and is not seeking discretionary review. Thus, the rules pertaining to discretionary review do not apply. See RAP 2.2(a)(13).

As an initial matter, we note that the vagueness doctrine does not apply to court orders. Rather, its application is limited to statutes and ordinances. See, e.g., City of Seattle v. Eze, 111 Wn.2d 22, 26, 759 P.2d 366 (1988) ("An ordinance or statute is 'void for vagueness if it is framed in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application.'" (quoting O'Day v. King County, 109 Wn.2d 796, 810, 749 P.2d 142 (1988))).

In any event, the superior court's order on Fathree's motion for revision is not vague. This order provided: "The court declines to revise the commissioner's orders compelling the Respondent to return all firearms to the Petitioner. Respondent shall immediately return all firearms registered in Petitioner's name (as requested by Petitioner) to her by no later than 10/30/19." In support of her motion to compel, Bowhay attached an exhibit, which provided a list of all the firearms that she stated to be "registered in [her] name." The superior court's order clearly requires Fathree to return these firearms to Bowhay.

Accordingly, Fathree's assignment of error fails.

III

Fathree next asserts that the superior court erred by interpreting the separation agreement as entitling Bowhay to all of the firearms in the parties' possession when the agreement was executed.[4] Because the separation agreement had only one reasonable interpretation, we disagree.

---

[4] As already explained, under the superior court's order, Fathree is required to give Bowhay only those firearms that she requested in her motion to compel. Even though the superior court concluded that, under the plain terms of the separation agreement, Bowhay was entitled to all of the firearms owned by the parties when the agreement was executed, Bowhay

"When the parties to a separation agreement dispute its meaning, the court must ascertain and effectuate their intent at the time they formed the agreement." In re Marriage of Boisen, 87 Wn. App. 912, 920, 943 P.2d 682 (1997). "The intent of the parties is determined by examining their objective manifestations, including both the written agreement and the context within which it was executed." Boisen, 87 Wn. App. at 920. "Generally, this is true even when the separation agreement has been incorporated in a dissolution decree, because the parties' intent will be the court's intent." Boisen, 87 Wn. App. at 920. "If the agreement has only one reasonable meaning when viewed in context, that meaning necessarily reflects the parties' intent." Boisen, 87 Wn. App. at 920. "If the agreement has more than one reasonable meaning, a question of fact is presented and this court reviews the trial court's determination for substantial evidence." In re Estate of Petelle, 8 Wn. App. 2d 714, 720, 440 P.3d 1026 (2019), aff'd, 195 Wn.2d 661, 462 P.3d 848 (2020). "But where there is no reliance on extrinsic evidence, interpretation of a contract is a question of law we review de novo." Petelle, 8 Wn. App. 2d at 720. "'[W]e attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties.'" Petelle, 8 Wn. App. 2d at 720 (alteration in original) (quoting Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005)).

---

limited her request to only those firearms that were listed in the exhibit attached to her motion to compel.

Here, the separation agreement between the parties has only one reasonable meaning. Again, this agreement provided:

> Property Awarded to Petitioner
> - Petitioner shall keep 100% of her retirement
> - New Safe to be purchased by Respondent and provided to Petitioner
> - Guns
> - Refrigerator
> - Photos
> - 2016 Jeep Grand Cherokee . . .
>
> . . . .
> Petitioner shall be awarded all other property in her possession
>
> Property Awarded to Respondent
> 2012 Dodge Ram 2500 . . .
> Respondent shall be awarded all other property in his possession.

The only reasonable interpretation of this agreement is that Bowhay was entitled to all of the firearms owned by the parties when the agreement was executed. Indeed, the agreement provides that the property to be awarded to Bowhay included "Guns." Additionally, under this agreement, each party is entitled to "all *other* property" that was in his or her possession. (Emphasis added.) Thus, under a plain reading of the agreement, the "other property" that was in the parties' possession did not include "Guns."

Fathree contends that the meaning of the agreement is ambiguous because it does "not specify *which* guns or *how many* guns" Bowhay was entitled to. We disagree. The lack of modifying language indicates that "Guns" meant "all guns." The superior court was correct.

Next, Fathree asserts that the agreement is ambiguous because the phrase "Respondent shall be awarded all other property in his possession" means that he was entitled to those firearms that were in his possession when

7

the agreement was executed. Not so. Under the agreement, Bowhay was awarded the "Guns." Thus, there were no "guns" that were "other property." The superior court correctly so ruled.

The superior court did not err.

IV

Bowhay requests an award of attorney fees pursuant to RAP 18.9. Bowhay asserts that she is entitled to such an award because Fathree filed a frivolous appeal. See Mahoney v. Shinpoch, 107 Wn.2d 679, 692, 732 P.2d 510 (1987). We deny Bowhay's request.

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____     Appelwick, J.